IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEROY RILEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 07-3834 |
| RAYMOND SOBINA, et al. | : | |

**MEMORANDUM**

**Baylson, J.**                                                                                           **June 20, 2008**

**I.     Introduction**

Petitioner, Leroy Riley, filed a federal Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  The undersigned referred the case to Magistrate Judge Thomas J. Reuter for a Report and Recommendation ("R&R") on the merits.  Magistrate Judge Reuter filed his R&R (Doc. No. 10) and presently before the Court are Petitioner's Objections to the R&R (Doc. No. 12).

Upon independent and thorough review, and for the reasons stated below, this Court denies Petitioner's objections and accepts Magistrate Judge Reuter's R&R.

**II.    Background and Procedural History**

According to the record before the Court, on October 24, 2003, in the Court of Common Pleas for Montgomery County, a jury convicted Petitioner of two counts of robbery and one count of theft of moveable property.  The convictions arose out of a robbery at a Blockbuster video store where the Petitioner handed a demand note to Tamika Livingston, the manager at the register counter, and pointed something from his sleeve at Ms. Livingston, which Ms. Livingston believed to be a gun.  The demand note read: "I have a gun pointed at you.  Stay calm.  Bring

-1-

this shit up. Put the money in the bag and you will not die tonight. Play, I will kill you. Blockbuster money, not yours." Ms. Livingston gave Petitioner the money from the register in a Blockbuster bag, and Petitioner left the store. Another store manager, James Yancy, had seen Mr. Riley enter the store and also saw him leave. After Mr. Riley left, Ms. Livingston informed Mr. Yancy that the store had been robbed; then both managers ran out of the store and flagged down a police officer named David Chiofolo who was parked in the adjacent parking lot. Officer Chiofolo chased the Petitioner and apprehended him approximately 150 feet away from the Blockbuster. Officer Chiofolo then brought Ms. Livingston and Mr. Yancy separately to the scene to determine if the apprehended man was the robber from the store. Ms. Livingston initially was uncertain, but when she got closer to the Petitioner and the Officer placed a cap on him, as the robber had been wearing at the time of the incident, Ms. Livingston identified Mr. Riley as the perpetrator. Mr. Yancy, separately from Ms. Livingston, immediately identified the Petitioner as the perpetrator. At that point, Mr. Riley was arrested, and a search revealed that Mr. Riley had the demand note as well as a white Blockbuster bag containing cash in his rear pants pocket.

     At trial, Ms. Livingston and Mr. Yancy both identified Mr. Riley as the man who robbed the Blockbuster, and, as noted above, Petitioner was convicted on October 24, 2003. On October 27, 2003, the court sentenced Mr. Riley to a prison term of six to fifteen years. Petitioner appealed his conviction, and on March 1, 2004, the trial court issued a written opinion affirming its judgment of sentence. The Petitioner then appealed to the Superior Court of Pennsylvania, raising one issue – that the trial court had erred in denying his motion for suppression of Ms. Livingston's identification testimony. As noted in the R&R, the Superior Court affirmed the

judgment of sentence and found Petitioner's claim "absolutely meritless."

Petitioner filed a pro se petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA") and was appointed counsel. Counsel filed a no-merit letter, and the PCRA court dismissed Mr. Riley's petition. Mr. Riley again appealed, and the PCRA court issued an opinion concluding that the PCRA issues were meritless. The Superior Court of Pennsylvania affirmed the PCRA Court, and the Pennsylvania Supreme Court denied Mr. Riley's petition for allowance of appeal.

Petitioner then turned to the federal system and on October 3, 2007 filed the instant petition for a writ of habeas corpus. Petitioner raised eight claims for habeas relief, see R&R p. 4, and the R&R addressed each of these claims in detail. Mr. Riley objects to the R&R's treatment of his arguments regarding identification testimony.

### III. Summary of Petitioner's Objections

Mr. Riley first argues that the R&R incorrectly rejected his argument that Ms. Livingston was unable to make a positive identification. It is Mr. Riley's position that Ms. Livingston's identification testimony should have been suppressed because she did not immediately identify Mr. Riley as the man who robbed the Blockbuster, but only did so after she got a closer look at him and Officer Chiofolo placed a hat on his head.

Mr. Riley then contends that the prosecutor at his trial violated U.S. v. Brady, 373 U.S. 83 (1963) by not revealing to defense counsel the fact that Ms. Livingston initially hesitated in identifying Mr. Riley as the robber. Mr. Riley argues that since Ms. Livingston's positive identification was not mentioned in a series of police documents, defense counsel did not know about it until trial.

Petitioner also argues that Ms. Livingston's identification testimony was perjured and that without Ms. Livingston's testimony, it is likely Petitioner would have been acquitted.

As to Mr. Yancy's identification, Petitioner contends that Mr. Yancy's testimony was contradictory and that Mr. Yancy could not have seen the robber because he was in the back of the store vaccuuming.

Petitioner also makes a categorical statement that a violation of U.S. v. Wade, 388 U.S. 218 (1967), occurred, and requests an evidentiary hearing.

## IV. Discussion

### A. Standards of Review

In ruling on objections to the R&R of a United States Magistrate Judge, this Court reviews de novo only the findings of the R & R that Petitioner specifically objects to. 28 U.S.C. § 636(b)(1). See also Fed.R.Civ.P. 72.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas relief "with respect to any claim that was adjudicated on the merits in State court proceedings" only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "contrary to clearly established Federal law" if the state court "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," or "confronts

facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [an opposite] result." Williams v. Taylor, 529 U.S. 362, 405 (2000). A federal court may grant habeas relief under the "unreasonable application" clause of § 2254(d)(1) if the "state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case." Bell v. Cone, 535 U.S. 685, 694 (2002) (citing Williams, 529 U.S. at 407-08). An objectively unreasonable application differs from an incorrect one, and only the former warrants habeas relief. Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

With regard to factual determinations, a federal habeas court must presume state court findings of fact are correct. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only by clear and convincing evidence. Id. Under § 2254(d)(2), a federal court may grant relief if the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

If the state court has adjudicated a claim on its merits, we consider the claim under AEDPA's deferential standard of review. On the other hand, if Petitioner fairly presented a claim to the state court (i.e., exhausted it), but the state court completely failed to address it, or refused to consider it because of an inadequate procedural bar, we review the claim de novo. Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005) ("In cases where the AEDPA standards of review do not apply, federal habeas courts apply pre-AEDPA standards of review."); Holloway v. Horn, 355 F.3d 707, 718 (3d Cir. 2004) (reviewing a claim de novo because Petitioner presented it to the Pennsylvania Supreme Court, but the court "failed to even mention" it).

### B.        Petitioner's Objections as to Ms. Livingston's Identification Testimony

As noted above, Petitioner objects to the R&R's statement that Ms. Livingston made a positive on-the-scene identification of Petitioner.[1]  Petitioner's objection is without merit.  The state courts properly considered the factors set forth in Neil v. Biggers, 409 U.S. 188 (1972), Commonwealth v. Bruce, 717 A.2d 1033 (Pa. Super. Ct. 1998), and Commonwealth v. Brown, 611 A.2d 1318 (Pa. Super. Ct. 1992) for assessing the reliability of identification evidence, as described in the R&R.  See Biggers, 409 U.S.  at 199 ("[T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.")  Ms. Livingston identified the Petitioner after observing him directly, face-to-face, in a well-lit store, very soon after the robbery, and separately from Mr. Yancy.  Although she was initially uncertain whether the apprehended man was the robber, once she got closer to the man and a cap was place on him, as he had been wearing at the time of the robbery, she provided a positive identification.  She again provided a positive identification at trial.

The trial court held a suppression hearing on October 23, 2003 to assess the circumstances of Ms. Livingston's on-the-scene identification, and concluded that Ms. Livingston's positive identification was not the result of police suggestiveness.  The R&R correctly determined that the trial court's conclusion was not unreasonable in light of the

---

[1] As outlined in the R&R, Ms. Livingston actually identified the Petitioner twice, once on the scene and once in the courtroom, and Petitioner's objections are limited to the on-the-scene identification.

evidence presented and was not contrary to, nor an unreasonable application of, clearly established federal law.

As for Petitioner's claim that Ms. Livingston committed perjury, Petitioner has made no showing to support his claim. Ms. Livingston testified as to her initial hesitation and there is no evidence of perjury.

Petitioner has also argued that the state prosecutor violated <u>Brady</u> by not informing defense counsel of Ms. Livingston's hesitation prior to the positive identification. In <u>Brady</u>, the U.S. Supreme Court found that the Sixth Amendment forbids the prosecutor from suppressing "evidence favorable to an accused upon request ... where the evidence is material to either guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963). A <u>Brady</u> violation has three elements: (1) the evidence must be favorable to the accused as either exculpatory or impeaching; (2) the evidence must have been suppressed by the state, either willfully or inadvertently; and (3) the evidence must be material in that prejudice did or would ensue from the suppression.

The Petitioner has made no showing that evidence was withheld from his attorney, and the R&R properly concluded that the state courts correctly rejected Petitioner's <u>Brady</u> argument. As noted in the R&R, Mr. Riley's counsel must have known of Ms. Livingston's intial hesitation because she testified about it on direct examination and he cross-examined her about it. Even if some of the police records do not refer to Ms. Livingston's on-the-scene identification, such omissions do not mean that evidence was withheld from defense counsel.

Furthermore, overwhelming evidence supports Ms. Livingston's identification of Mr. Riley as the perpetrator. Mr. Yancy also identified Mr. Riley, and Mr. Riley was apprehended

almost immediately, about 150 feet from the Blockbuster store, with the demand note and a Blockbuster bag full of cash in his pocket. Petitioner has no Constitutional claim based on Ms. Livingston's identification testimony.

### C. Petitioner's Objections as to Mr. Yancy's Identification Testimony

Mr. Riley also objects to the use of Mr. Yancy's identification testimony.[2] At the same suppression hearing, where the trial court denied Mr. Riley's motion to suppress Ms. Livingston's identification, the trial court also denied Mr. Riley's motion to suppress Mr. Yancy's identification. In denying the motion to suppress, the trial court reasoned that Mr. Yancy had testified that he saw the Petitioner enter the store, and saw him flea. Shortly thereafter, he made an immediate positive identification.

Mr. Riley contends that Mr. Yancy's testimony contained inconsistencies, and implies that the inconsistencies make Mr. Yancy's identification unreliable. It is not the role of the federal habeas court, however, to review inconsistencies in witness testimony at a state trial. "It is the jury's task at trial, and not a court's task on habeas review, to judge the credibility of witnesses and to resolve conflicts in testimony." Jackson v. Virginia, 443 U.S. 307, 326 (1979).

To the extent that Mr. Riley may be referring to inconsistencies in Mr. Yancy's testimony at the motion to suppress hearing, Mr. Riley's argument fails for the same reason. Mr. Riley has made no showing that the motion to suppress hearing reached a conclusion that was contrary to established U.S. Supreme Court precedent, and it is not this Court's role to resolve any inconsistencies in his testimony. See Fahy v. Horn, 516 F.3d 169, 196 (3d Cir. 2008) ("[T]he

---

[2] It is unclear whether Mr. Riley is objecting to the R&R with this argument, or more generally objecting to his trial and conviction. Nevertheless, the Court will address his claims.

suppression court was entitled to make the credibility determination that it did in the face of conflicting testimony , and it applied the correct law to its findings of fact and came to a reasonable conclusion.")  Mr. Riley has not illustrated that allowing Mr. Yancy's identification testimony violated federal Constitutional law.

      **D.**    **Petitioner's Objections as to a Violation of <u>U.S. v. Wade</u>**

As noted above, Mr. Riley asserts that the on-the-scene identifications violated <u>U.S. v. Wade</u>, 388 U.S. 218 (1967).  In <u>Wade</u>, the U.S. Supreme Court held that a defendant has the right to counsel at a post-indictment lineup.  As the Pennsylvania Superior Court properly determined, and the R&R correctly acknowledged, Petitioner has not shown a <u>Wade</u> violation because there is no right to counsel at an on-the-scene identification prior to an indictment or other formal charge.

**V.**    **Conclusion**

For the reasons stated above, this Court adopts the R&R and denies Petitioner's Petition for Writ of Habeas Corpus.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEROY RILEY | : | CIVIL ACTION |
|  | : |  |
| v. | : |  |
|  | : | NO. 07-3834 |
| RAYMOND SOBINA, et al. | : |  |

## ORDER

AND NOW, this         day of June, 2008, for the reasons set forth above, it is hereby ORDERED that:

1. the Report and Recommendation of Judge Thomas J. Reuter dated December 11, 2007 (Doc. No. 10) is APPROVED and ADOPTED;

2. the Petition for Writ of Habeas Corpus (Doc. No. 1) is DENIED with prejudice and DISMISSED without an evidentiary hearing; and

3. there is no probable cause to issue a certificate of appealability.

BY THE COURT:


/s/ Michael M. Baylson

Michael M. Baylson, U.S.D.J.


A:\07-3834 Memo re objections to R&R.wpd